MARGARETT WILLEY *vs.* NEWBURY HALEY.

*Tenancy in tail—how barred.*

A tenant in tail under her grandfather's will, by her deed of June 3, 1796, duly executed before two witnesses, and for a valuable consideration therein expressed, and duly acknowledged and recorded, did ' bargain, sell, and confirm unto' the defendant's predecessor in title, ' all my [her] right and title to the estate of my [her] grandfather,' situate in Kittery, 'that is to say, all which by his last will and testament he bequeathed to me [her] as may appear from his will, it being the half of his real estate, which property I warrant to defend against the claims of any person or persons to said estate.'  In a writ of entry by an heir-at-law of the tenant in tail, *Held*, that the estate tail was barred under the provisions of Mass. Statute of March 8, 1792, § 1.

ON REPORT.

FACTS appear in the opinion.

APPLETON, C. J. Josiah Chase, by his will of March 7, 1775, devised to his granddaughter, ' Mary Chase and heirs,' half of his estate after the decease of her father, and further added, that his will was that ' all his lands and buildings should be equally divided between his daughter, Sally Chase, and granddaughter, Mary Chase, in quantity and quality, and in case his said grand-daughter, Mary Chase, should die without lawful issue, then he gave the said one-half of his estate to his grandson, Joshua Chase, . . . to him, the said Joshua, and to his heirs forever.'

The demandant claims as heir-at-law of Mary Chase, who deceased Jan. 20, 1865.

Assuming the estate of Mary Chase to have been a tenancy in tail, the question presented is, whether or not it has been barred.

On June 3, 1796, Mary Chase, by deed, bargained, sold, and confirmed to Joseph Litchfield, under whom the tenant derives title, all her ' right, title to the estate of her late honored grand-father, Josiah Chase, of Kittery, deceased, that is to say, all which by his last will and testament he bequeathed to me, as may appear from his will, it being the half of his real estate, which she therein warranted to defend against the claim, of any person or persons to said estate. This deed being in accordance with the statutes constitutes a bar to the tenancy in tail. By the act of Massachusetts of March 8, 1792, ' a more easy and simple method ' was provided ' of barring estates tail in land,' by which a ' deed duly executed before two or more credible witnesses, acknowledged . . . before any justice of the peace in this Commonwealth, or before a justice of the peace of some other of the United States of America . . . for a good and valuable consideration *bona fide*,' conveying lands held in tail to a grantee to hold in fee-simple, vested the absolute inheritance, in fee-simple of such lands, ' in such purchasers or grantees, without any fine or common recovery made or suffered,' etc. In *Williams* v. *Hichborn*, 4 Mass. 190, Parsons, C. J., says, ' By the first sec-

tion of this statute, a tenant in tail may, by a deed for good and val-
uable consideration, sell his estate tail, to be holden by the purchas-
er in fee-simple.'   And it seems, it matters not though the deed be
by release, if it was 'executed in the presence of two witnesses
and was made *bona fide* and for valuable consideration, as the stat-
ute requires.'   *Cuffee* v. *Milk*, 10 Met. 366.

The tenancy in tail being barred by the deed of Mary Chase to
Joseph Litchfield, by the agreement of parties, a nonsuit must be
entered.                                        *Plaintiff nonsuit.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., con-
curred.

*I. G. Jordan*, for plaintiff.

*Goodwin & Lunt*, for defendant.